IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION

SOUTHLAND COMMERCIAL GROUP INCORPORATED, SOUTHLAND REALTORS INC., SOUTHLAND GROUP INC., SOUTHLAND TITLE LLC, SOUTHLAND COMPANIES LLC, SOUTHLAND PROPERTIES LLC, SOUTHLAND LANDSCAPES LLC, SOUTHLAND COMMERCIAL GROUP IV LLC, SOUTHLAND COMMERCIAL GROUP VII LLC, and SOUTHLAND COMMERCIAL GROUP ELEVEN LLC,

    Plaintiffs,

v.

SOUTHLAND TITLE & ESCROW COMPANY INC.,

    Defendant.

Case No. _____

**Jury Trial Demanded**

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1338, 1367, 1441, and 1446, the Defendant, Southland Title & Escrow Company Inc., hereby removes the above-styled action, heretofore pending in the Tennessee Chancery Court for the Sixth Judicial District at Knoxville under docket number 191979-02, to this Court. As grounds therefore, the Defendant respectfully states as follows:

1. The Plaintiffs commenced this action in the Tennessee Chancery Court sitting in Knox County on July 15, 2016. This District and Division, of course, encompass Knox County. *See* 28 U.S.C. § 123(a)(1). The Complaint filed at that time asserted several claims in the nature of trademark infringement and unfair competition solely under Tennessee law.

2. On October 31, 2016, the Plaintiffs filed a Motion to Amend Complaint to assert a claim under the Lanham Act, 15 U.S.C. § 1125(a). The Chancery Court granted the Motion to Amend on January 17, 2017, in an order deeming the Amended Complaint filed and served on that date. (Ex. 10 hereto.)

3. Claims under the Lanham Act, of course, arise under federal law, and are within the original jurisdiction conferred upon the Court by 28 U.S.C. § 1331. *E.g.*, **Romero v. Buhimschi**, 396 F. App'x 223, 230 (6th Cir. 2010). Even if they were not covered by Section 1331, however, Title 28 separately confers upon the Court original jurisdiction over any action "arising under any Act of Congress relating to … trademarks." 28 U.S.C. § 1338. As such, the Amended Complaint states a federal, indeed, a trademark, question on its face, placing it in its entirety—for all of its claims relate to the same events underlying the Lanham Act claim—within the Court's original jurisdiction. *See, e.g.*, **Christianson v. Colt Indus. Operating Corp.**, 486 U.S. 800, 807–09 (1988); *see also* 28 U.S.C. § 1367(a).

4. Accordingly, when the Plaintiffs interposed their Amended Complaint, the case became removable. *See* **B&B Enters. of Wilson Cty. LLC v. City of Lebanon**, 422 F. Supp. 2d 903, 905 (M.D. Tenn. 2006). That the Amended Complaint may lack merit does not deprive the Court of jurisdiction over it. *See, e.g.*, **Bernstein v. Lind-Waldock & Co.**, 738 F.2d 179, 185–86 (7th Cir. 1984).

5. Because the sole Defendant has filed the present notice within thirty days of the date on which the case became removable, and because the case lies within the Court's removal jurisdiction, *see* 28 U.S.C. §§ 1331, 1338, 1441(a), removal is proper.

Respectfully submitted,

s/ William D. Leader
William D. Leader (Tenn. No. 9531)
Eugene N. Bulso (Tenn. No. 12005)
LEADER, BULSO & NOLAN, PLC
414 Union Street, Suite 1740
Nashville, Tennessee 37219
615-780-4110
615-780-4118
bleader@leaderbulso.com
gbulso@leaderbulso.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was submitted via the Court's ECF system, which is expected to deliver a copy via electronic means to the following:

W. Edward Shipe
Nicholas W. Diegel
WAGNER, MYERS & SANGER, P.C.
800 S. Gay Street, Ste. 1801
Knoxville, Tennessee 37902
eshipe@vvrnspc.com
ndiegel@wmspc.com

on, the 18th day of January, 2017.

s/ William D. Leader
William D. Leader