UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| SOUTHLAND COMMERCIAL GROUP, INCORPORATED, SOUTHLAND REALTORS INC., SOUTHLAND GROUP INC., SOUTHLAND TITLE LLC, SOUTHLAND COMPANIES LLC, SOUTHLAND PROPERTIES LLC, SOUTHLAND LANDSCAPES LLC, SOUTHLAND COMMERCIAL GROUP IV LLC, SOUTHLAND COMMERCIAL GROUP VII LLC, and SOUTHLAND COMMERCIAL GROUP ELEVEN LLC, <br><br>    Plaintiffs, <br><br> v. <br><br> SOUTHLAND TITLE & ESCROW COMPANY, INC., <br><br>    Defendant. | No. 3:17-cv-13 |

## **MEMORANDUM OPINION**

This matter is before the Court on Plaintiffs' Motion to Remand [doc. 17], Plaintiffs' Brief in Support of the Motion [doc. 18], and Defendant's Response in Opposition [doc. 23]. For the reasons herein, the Court will grant the motion.

### I. BACKGROUND

This action originated in Knox County Chancery Court, where Plaintiffs brought state-law claims against Defendant for trademark infringement, unfair competition, and

declaratory judgment. [Compl., doc. 1-2, at 13–16].[1] In response, Defendant filed multiple counterclaims against Plaintiffs, including a claim under the Lanham Act, 15 U.S.C. § 1125(a). [Countercl., doc. 1-4, at 48–49]. Plaintiffs then filed two simultaneous motions with the chancery court: a Motion to Amend Complaint [doc. 1-6] and a Motion to Dismiss the Counterclaims [doc. 1-7]. Plaintiffs pursued leave to amend for two reasons, (1) to clarify their causes of action "in light of the Defendant's Counterclaims," [Pls.' Mot. to Amend ¶ 4], and (2) to add a claim under the Lanham Act, [*id.* ¶ 4 n.1]. In requesting leave to amend, Plaintiffs filed with the chancery court a Proposed Amended Complaint [doc. 1-6], which contained their claim under the Lanham Act. [*Id.* at 77–78].

In the Motion to Amend, however, Plaintiffs informed the chancery court that they intended to add their claim under the Lanham Act only if it denied their request to dismiss Defendant's counterclaim under the Lanham Act:

> The Plaintiff Companies also bring a new cause of action under the federal Lanham Act. Although the Plaintiff Companies believe that no such cause of action exists for this purely local dispute (as shown in the Motion to Dismiss), the Plaintiff Companies seek to add this cause of action if that portion of the Motion to Dismiss is denied.

[Pls.' Mot. to Amend ¶ 4 n.1]. The chancery court set a hearing for January 17, 2017, to hold oral argument on Plaintiffs' Motion to Dismiss the Counterclaims. [Order Setting Hr'g, doc. 1-5, at 60–61]. On the day of the hearing, the chancery court granted Plaintiffs' Motion to Amend the Complaint and deemed Plaintiffs' Proposed Amended Complaint to be "filed and served," but it did so without ruling on Plaintiffs' Motion to Dismiss. [Order, doc. 1-10, at 178]. On the following day, Defendants filed a timely

---

[1] Pincites to the record refer to electronic page numbers.

2

Notice of Removal [doc. 1-1] with this Court under 28 U.S.C. §§ 1441, 1446, stating that "when the Plaintiffs interposed their Amended Complaint, the case became removable" based on their claim under the Lanham Act. [*Id.* ¶ 4]. Plaintiffs then filed their Motion for Remand, contending that this Court lacks federal question jurisdiction.

## II. LEGAL STANDARD

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). To initiate removal, a defendant must file a notice of removal, which is "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). As the movant, a defendant has the burden of showing that removal is proper, *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453–54 (6th Cir. 1996), or in other words, that the district court has subject matter jurisdiction, *see Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 758 (6th Cir. 2000) ("[T]he scope of removal jurisdiction based on the existence of a federal question . . . is considered to be identical to the scope of federal question jurisdiction under § 1331." (citation omitted)). To satisfy this burden, a defendant must show that subject matter jurisdiction is "clearly established." *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999); *see Patsy v. Bd. of Regents*, 457 U.S. 496, 525 n.10 (1982) (Powell, J., dissenting). ("[B]ecause it would not simply be wrong but indeed would be an unconstitutional invasion of the powers reserved to the states if

the federal courts were to entertain cases not within their jurisdiction, the rule is well settled that the party seeking to invoke the jurisdiction of a federal court must demonstrate that the case is within the competence of that court." (quotation omitted)).

"Generally, removability is determined by the pleadings filed by the plaintiff." *Hopkins Erecting Co. v. Briarwood Apartments of Lexington*, 517 F. Supp. 243, 249 (E.D. Ky. 1981) (citations omitted); *see Ala. Great S. Ry. Co. v. Thompson*, 200 U.S. 206, 216 (1906) (stating that the removability of a case "depends upon the state of the pleadings and the record at the time of the application for removal" (citation omitted)). Because federal district courts are courts of limited jurisdiction, they resolve all doubts regarding their jurisdiction by favoring remand. *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549–50 (6th Cir. 2006); *see Henderson v. S. States Police Benevolent Ass'n, Inc.*, No. 1:02-CV-045, 2002 WL 32060139, at *3 (E.D. Tenn. Mar. 15, 2002) ("The federal statutes governing removal are strictly construed in favor of state court jurisdiction." (citing *Shamrock Oil Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941))); *see also Ahearn*, 100 F.3d at 454 ("Due regard for state governments' rightful independence requires federal courts scrupulously to confine their own jurisdiction to precise statutory limits." (citing *Shamrock Oil*, 313 U.S. at 109)).

### III.  ANALYSIS

Plaintiffs argue that remand is proper because "[t]here is no valid federal claim to bring this case within the Court's original subject matter jurisdiction." [Pls.' Br. at 281]. Even though the chancery court deemed their Proposed Amended Complaint—which,

4

again, contained a claim under the Lanham Act—to be filed and served, Plaintiffs emphasize that they intended to plead a claim under the Lanham Act "*only* if their Motion to Dismiss the federal claim in the Counter-Complaint was denied." [*Id.* at 275]. Defendant, however, maintains that the "Amended Complaint does not describe the Lanham Act claim as conditional, alternative, or otherwise contingent," [Def.'s Resp. at 405], and states that Plaintiffs, at the hearing on January 17, even agreed to the chancery court's approval of Plaintiffs' Motion to Amend, [*id.* at 406]. According to Defendant, Plaintiffs "very clearly did amend" their complaint to include a claim under the Lanham Act, and therefore under the well-pleaded complaint rule, the Amended Complaint presents a federal question that invokes this Court's subject matter jurisdiction under 28 U.S.C. § 1331. [*Id.* at 407–08].[2]

The Court begins its analysis by first highlighting the fact that Defendant filed for removal under § 1441(a), the general removal statute, [Def.'s Notice of Removal ¶ 5], and under § 1446, [*id.* at 1]. Although Defendant does not specify the subsection under which it requests removal under § 1446, the Court, based on Defendant's contention that "when the Plaintiffs interposed their Amended Complaint, the case *became* removable," [*id.*¶ 4 (emphasis added)], interprets their request as falling within § 1446(b)(3), which states:

> Except as provided in subsection (c),[3] if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days

---

[2] Section 1331 states that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

[3] Subsection(c) concerns removal based on diversity of citizenship jurisdiction under 28 U.S.C. § 1332, which is not at issue here.

5

> after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

When considering the propriety of removal under § 1446(b)(3), this Court has previously recognized that it is "guided by the well-pleaded complaint doctrine and the voluntary-involuntary rule." *Henderson*, 2002 WL 32060139 at *4.

The well-pleaded complaint rule requires courts to examine a complaint for federal question jurisdiction. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). A federal question is present only when the *plaintiff's* complaint, "disclosed upon the face," contains a claim arising under federal law, *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 113 (1936) (citations omitted)—that is, "arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331. The well-pleaded complaint rule "applies to the original jurisdiction of the district courts as well as to their removal jurisdiction." *See Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 10 n.9 (1983). In this case, Plaintiffs' Amended Complaint undoubtedly satisfies the well-pleaded complaint rule because it contains a claim arising under federal law, namely the Lanham Act. *See* 28 U.S.C. § 1338(a) ("The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks."). Plaintiffs, however, maintain that the filing of their Amended Complaint was not voluntary and that, on this basis, removal is improper. [Pls.' Br. at 275]. Plaintiffs' argument fits squarely under the voluntary-

6

involuntary rule, which requires the Court to decide whether Plaintiffs voluntarily introduced a federal question into this case. *Henderson*, 2002 WL 32060139 at *5.[4]

Under the voluntary-involuntary rule, "[a] state court case that initially is non-removable cannot subsequently become removable . . . unless a change occurs that makes it removable as a result of the plaintiff's voluntary act." *Id.* (citing *Great N. Ry. Co. v. Alexander*, 246 U.S. 276, 281–82 (1918)). That is, removal "can only be accomplished by the voluntary amendment of . . . pleadings by the plaintiff." *Great N. Ry. Co.*, 246 U.S. at 281. The voluntary-involuntary rule is a longstanding one, with its origins dating back to common law that is numerous decades old, *see id.*, but this Court has previously recognized that when Congress amended § 1446(b) in 1949, it "preserve[d] the validity of the voluntary-involuntary rule" in § 1446(b)'s statutory language, *Henderson*, 2002 WL 32060139 at *6 (citations omitted); *see White v. Hughes*, 409 F. Supp. 1005, 1008 (W.D. Tenn. 1975) (stating that removal under § 1446(b) "must be brought about by the voluntary act of the plaintiff" and that "[t]his [requirement] is mandated by the very language of § 1446(b)" (citations omitted)).[5] Consistent with § 1446(b)(3)'s language, the voluntary-involuntary rule "applies only when the case *becomes* removable after the initial pleading is filed," based on "some voluntary act on the part of the plaintiff." *Holston v. Carolina Freight Carriers Corp.*, No. 90-1358, 1991 WL 112809, at *5 (6th

---

[4] Although the well-pleaded complaint rule is "consistent with" the voluntary-involuntary rule, *Henderson*, 2002 WL 32060139 at *5, a voluntary amendment to a pleading is technically a prerequisite to a court's ability to determine whether that pleading is well-pleaded, *see id.* (stating that "involuntary changes caused by a party other than the plaintiff *cannot* make a case removable" (emphasis added) (citations omitted)).

[5] The voluntary-involuntary rule most often applies in diversity cases, *Holston*,1991 WL 112809 at *5, but this Court, and others, have applied it in federal question cases too, *see Henderson*, 2002 WL 32060139 at *6; *see also Great N. Ry. Co.*, 246 U.S. at 281–82.

7

Cir. June 26, 1991) (quotation omitted); *see* 28 U.S.C. § 1446(b)(3) (governing the removal of cases that are not removable "by the initial pleading" but that "become removable" later "through . . . an amended pleading"). In sum, under § 1446(b)(3), removal depends on a two-part inquiry: (1) "it should first be ascertained if a removable claim is asserted in the initial pleading in the case" and (2) "if not, whether a subsequent voluntary act of the plaintiff has converted the claim into one that is removable." *Hopkins Erecting Co.*, 517 S. Supp. at 250.

Defendant clearly satisfies its burden under the first inquiry, having filed—at the time of removal—a copy of Plaintiffs' initial pleading, which contains no federal claim under the Lanham Act or any other federal law, [*see* Compl. at 6–18], and therefore no removable claim, *see* § 1446(b)(3).[6] The Court's analysis now turns to whether Defendant meets its burden under the second inquiry, which, again, requires a showing—and more particularly, a "clearly established" showing, *Brierly*, 184 F.3d at 534—that removal of this case *became* proper through some voluntary act by Plaintiffs. *See* § 1446(b)(3) (stating that "if the case stated by the initial pleading is not removable," it requires some action by the plaintiff "from which it may first be ascertained that the case is one which is or has become removable"). Defendant falls short of meeting its burden under the second half of the inquiry, failing clearly to establish that this Court has subject matter jurisdiction over this case based on a voluntary act of the Plaintiffs.

---

[6] This is not to say, however, that a state-law claim can *never* present a federal question. *See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314–16 (2005).

8

The record at the time of removal shows that Plaintiffs intended to plead a claim under the Lanham Act only if their bid for dismissal of Defendant's counterclaim was unsuccessful: "Plaintiff Companies seek to add this cause of action *if* that portion of the Motion to Dismiss is denied." [Pls.' Mot. to Amend ¶ 4 n.1 (emphasis added)]. Neither party disputes that the Motion to Dismiss remained pending at the time of removal. As a result, this Court—when "strictly constru[ing]" § 1446(b)(3)'s requirement that a state action can only become removable by a plaintiff's voluntary act, *Henderson*, 2002 WL 32060139 at *3 (citation omitted)—is unable to identify a clearly established intent on Plaintiffs' part to bring a claim under the Lanham Act. *Cf. Saylor v. Gen. Motors Corp.*, 416 F. Supp. 1173, 1175 (E.D. Ky. 1976) ("The rationale and meritorious purpose of the voluntary-involuntary test is the prevention of premature removals in cases where the issue of the resident defendant's dismissal has not been finally determined in the state court." (citation omitted)). While the method by which Plaintiffs pursued their amendment—in making it dependent on the outcome of their Motion to Dismiss—may be somewhat unorthodox, this Court's task is not to concern itself with Plaintiffs' litigation-related tactics but with Plaintiffs' intent, as the record reflects it at the time of removal. *See Voluntary*, *Black's Law Dictionary* (10th ed. 2014) (defining a "voluntary act" as one "[d]one by design or intention").

To say that the voluntary-involuntary rule *unequivocally* requires remand in this case may be a stretch, partly because Plaintiffs did in fact submit a Proposed Amended Complaint to the chancery court and the chancery court considered it to be filed and served. Even so, this Court must resolve all doubts in this case by favoring remand,

*Eastman*, 438 F.3d at 549–50, and the record, though not abounding with doubt, does contain at least some uncertainty as to Plaintiffs' intent to bring a federal claim. While Defendant maintains that Plaintiffs, during the chancery court's hearing in January, eliminated all doubt by consenting to the filing of their Proposed Amended Complaint, the record at the time of removal lacks evidence to this effect. Defendant filed the transcript of this hearing not at the time of removal but over a month after it initiated removal, [*see* Hr'g Tr., doc. 31-1, at 479–560], and the Court is therefore without license to consider it, *see Smith v. Smithkline Beecham Corp.*, No. 10-73-ART, 2010 WL 3432594, at *4 (E.D. Ky. Aug. 30, 2010) ("[I]t is not even clear that the Court can appropriately consider the pharmacy records at this stage. When considering a notice of removal, courts typically review the record as it exists *at the time of removal*." (emphasis added) (citations omitted)). In short, the record at the time of removal holds some doubt as to whether Plaintiffs voluntarily brought a federal claim in this case, and the Court is legally bound to resolve its misgivings by ordering remand.

### IV. CONCLUSION

As the party moving for removal, Defendant fails to satisfy its burden in showing that removal is proper under § 1446, and Plaintiffs' Motion to Remand [doc. 17] is therefore **GRANTED**. This action is hereby **REMANDED** to the Knox County Chancery Court. All outstanding motions are **DENIED as moot**. The Court will enter an order consistent with this opinion.

10

**IT IS SO ORDERED.**

ENTER:

s/ Thomas W. Phillips
United States District Judge